Filed 6/4/24  P. v. Alvarrado CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D082731 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS300393) |
| CESAR ALVARRADO, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed as modified.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Donald W. Ostertag and Robin Urbanski , Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Cesar Alvarrado pled guilty to the murder of M.S. (count 1) and the attempted murder of M.H. (count 4).  Consistent with the plea agreement, the

trial court sentenced Alvarrado to life without the possibility of parole for count 1, a concurrent term of 25 years to life for a firearm enhancement, and a concurrent term of life with the possibility of parole for count 4. In addition, the court imposed, but suspended, a $10,000 parole revocation fine under Penal Code section 1202.45.

Alvarrado contends and the People agree, as relevant here, that the parole revocation fine should be stricken because Alvarrado is serving a sentence of life without the possibility of parole.

We resolve this matter by memorandum opinion and, after striking the parole revocation fine, affirm. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

Under section 1202.45, an assessment of a parole revocation fine is required "'[i]n every case where a person is convicted of a crime and whose sentence includes a period of parole.'" (*People v. Brasure* (2008) 42 Cal.4th 1037, 1075.) If the sentence is an indeterminate term of life without parole, then the imposition of a parole revocation fine is improper. (*People v. Battle* (2011) 198 Cal.App.4th 50, 63.) Where a sentence "does not presently allow for parole and there is no evidence it ever will, no additional restitution fine must be imposed." (*People v. Oganesyan* (1999) 70 Cal.App.4th 1178, 1185 (*Oganesyan*).)

Alvarrado's life without the possibility of parole sentence as to count 1 indicates that he will likely never be on parole despite having a concurrent sentence of life with the possibility of parole. (See *Oganesyan, supra*, 70 Cal.App.4th at p. 1185.) Accordingly, we accept the People's concession that Alvarrado's parole revocation fine must be stricken because his sentence does not allow for parole.

DISPOSITION

We strike from the judgment the $10,000 Penal Code section 1202.45 parole revocation fine.  The judgment is otherwise affirmed as modified.  The trial court is directed to prepare and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.

3